Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00311-CV

**FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT**,
Now Known As Security Insurance Company of Hartford,
Successor to Fire and Casualty Insurance Company of Connecticut,
Appellant

v.

Javier **MIRANDA**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 03-1336-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  May 6, 2009

REVERSED AND RENDERED

This is an appeal from the trial court's judgment affirming a decision by the Appeals Panel

of the Texas Worker's Compensation Commission ("TWCC").  The TWCC determined appellee

did not contract an occupational disease in the course and scope of his employment, but that

appellant waived its right to contest the compensability of appellee's claimed injury by not disputing

the claim within seven days of receiving written notice of the claim.  We reverse the trial court's

judgment and render a take-nothing judgment in favor of appellant, Fire and Casualty Insurance Company of Connecticut ("Fire & Casualty").

## BACKGROUND

On June 26, 2000, appellee, Javier Miranda, punctured the tip of his right index finger while working for Guadalupe Valley Hospital. He did not report the injury to his employer at this time, nor did he seek medical attention for the injury. On June 25, 2001, Miranda sustained a scratch on his right forearm, again while working for Guadalupe Valley Hospital. This time, Miranda reported the injury to his employer who documented the injury as a "superficial scratch" "4mm in length." Miranda declined medical treatment, except to have the scratch washed and treated with antibiotic ointment. On July 2, 2001, Miranda's employer notified appellant, Fire and Casualty Insurance Company of Connecticut ("Fire & Casualty"), of the arm scratch. Fire & Casualty took no action, and the parties stipulated at trial that no benefits were required to be paid under the Workers' Compensation Act at any time up to and including July 9, 2001.

On October 30, 2001, Miranda had a comprehensive health fair screening at the hospital, which was negative for Hepatitis C. In early 2002, he began to feel ill and had blood work drawn by his family doctor. On February 22, 2002, Miranda was diagnosed with Hepatitis C. On February 28, 2002, Miranda met with Carmen Bertling, an employee health nurse at Guadalupe Valley Hospital, and told her about the June 26, 2000 injury to his finger and the June 25, 2001 scratch to his arm. Miranda believed he contracted Hepatitis C as a result of one of these injuries. On March 4, 2002, Bertling notified Fire & Casualty of Miranda's Hepatitis C diagnosis and that Miranda believed the Hepatitis C was an occupational disease related to one of the two injuries he had sustained. On March 8, 2002, Bertling completed a First Report of Injury or Illness reporting, for

the first time, the puncture to Miranda's finger. In this report, Bertling noted the "nature of the injury" as "contagious disease" and that Miranda had been diagnosed with Hepatitis C.

After conducting its own investigation, Fire & Casualty disputed that Miranda's Hepatitis C was a work-related injury or occupational disease. Fire & Casualty also contended the finger puncture and arm scratch were not compensable work-related injuries and his Hepatitis C was an ordinary disease of life. The dispute was filed with the TWCC on March 11, 2002, seven days after receiving Bertling's March 4 letter and three days after receipt of Bertling's March 8 First Report of Injury. The TWCC hearings officer determined Miranda did not sustain an injury in the form of Hepatitis C on June 25, 2001, but determined Fire & Casualty had waived its right to dispute compensability because it did not dispute compensability within seven days of receiving notice (on July 2, 2001) of the alleged June 25, 2001 injury.[1] The TWCC Appeals Panel affirmed the hearings officer, and Fire & Casualty filed suit in district court. At trial, Fire & Casualty argued it could not have waived its right to contest compensability because Miranda's Hepatitis C was not diagnosed until February 22, 2002; therefore, it could not have known about the alleged occupational injury within seven days of receiving the July 2, 2001 notice of the right forearm scratch. The trial court agreed with the TWCC Appeals Panel, and this appeal by Fire & Casualty ensued.

Both the TWCC and the trial court relied on *Continental Cas. Co. v. Downs*, 81 S.W.3d 803 (Tex. 2002), in which the Texas Supreme Court held that "under Texas Labor Code §§ 409.021 and 409.022, a carrier that fails to begin benefit payments as required by the Act or send a notice of refusal to pay *within seven days* after it receives written notice of injury has not met the statutory

---

[1] Apparently the issue before the TWCC was narrowed to the June 25, 2001 arm scratch, with no further mention of the June 26, 2000 needle prick.

requisite to later contest compensability." *Id.* at 804 (emphasis added). Thus, both the TWCC and the trial court concluded Fire & Casualty waived its right to dispute compensability for Miranda's Hepatitis C injury because Fire & Casualty did not contest compensability within seven days of July 2, 2001. After this appeal became at issue, the Texas Supreme Court overruled *Downs* on December 19, 2008. *See Southwestern Bell Tel. Co., L.P. v. Mitchell*, 276 S.W.3d 443 (Tex. 2008). Therefore, Fire & Casualty had sixty days within which to contest compensability or waive its right to do so. *See* TEX. LAB. CODE ANN. § 409.021(c) (Vernon 2006). Sixty days from the date Fire & Casualty was notified of the June 25, 2001 scratch on Miranda's right forearm expired on August 31, 2001, and there is no dispute Fire & Casualty did not meet that deadline. However, in its appeal to the TWCC and on appeal here, Fire & Casualty contends it was impossible for it to dispute the compensability of an alleged occupational disease (Hepatitis C) that had not yet manifested itself during the waiver period and for which it did not receive notice until March 4, 2002. Fire & Casualty asserts it was entitled to sixty days from the date on which it was first notified of the Hepatitis C in which to dispute compensability of the claimed injury. We agree.

### WAIVER OF FIRE & CASUALTY'S DISPUTE TO COMPENSABILITY OF MIRANDA'S CLAIM FOR AN ALLEGED OCCUPATIONAL DISEASE

In this case, the issue presented to the hearings officer was whether Fire & Casualty waived its right to contest the compensability of the injury Miranda claimed occurred on June 25, 2001. There is no dispute that Fire & Casualty received notice of a June 25, 2001 injury on July 2, 2001. However, this notice identified the injury as "laceration/scratch" to the "lower arm/rt." It is undisputed Fire & Casualty took no action following receipt of this notice. Therefore, we agree that Fire & Casualty waived its right to contest compensability of the "laceration/scratch" to Miranda's

"lower arm/rt." However, for the reasons set forth below, we do not agree that the waiver of Fire & Casualty's right to contest compensability of the laceration results in a similar waiver of its right to contest the compensability of Miranda's claim for an occupational disease he contends arose from the laceration.

The Texas Labor Code defines "injury" as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX. LAB. CODE ANN. § 401.011(26) (Vernon Supp. 2008). "The term includes an occupational disease." *Id.* An "occupational disease" is "a disease arising out of and in the course of employment that causes damage or harm to the physical structure of the body, including a repetitive trauma injury. The term includes a disease or infection that naturally results from the work-related disease." *Id.* § 401.011(34). "The term does not include an ordinary disease of life to which the general public is exposed outside of employment, unless that disease is an incident to a compensable injury or occupational disease." *Id.*

Although the Labor Code includes an "occupational disease" within the scope of an "injury," they are two distinct theories of recovery under the Labor Code. *Chavis v. Director, State Worker's Comp. Div.*, 924 S.W.2d 439, 443 (Tex. App.—Beaumont 1996, no writ) ("In worker's compensation claims, two distinct and independent theories of recovery are recognized by the courts, accidental injuries and occupational diseases."). A non-occupational or accidental injury, such as a scratch to an arm, is an injury traceable to a "definite time, place, and cause." *Olson v. Hartford Accident & Indem. Co.,* 477 S.W.2d 859, 859 (Tex. 1972). On the other hand, an occupational disease "is of slow and gradual development, and the time, place and cause thereof are not susceptible of definite ascertainment." *Solomon v. Mass. Bonding & Ins.*, 347 S.W.2d 17, 19

(Tex. Civ. App.—San Antonio 1961, writ ref'd); *see also Cearley v. Royal Globe Ins. Co.*, 632 S.W.2d 942, 946 (Tex. App.—Fort Worth 1982, no writ). The Texas Labor Code also recognizes this distinction for the purpose of determining "date of injury." The "date of injury" for a non-occupational or accidental injury is the date on which the injury actually occurred; while the "date of injury" "for an occupational disease is the date on which the employee knew or should have known that the disease may be related to the employment." TEX. LAB. CODE ANN. § 408.007 (Vernon 2006).

The Labor Code also recognizes a distinction between the types of "injury" for purposes of notice. An employer must be notified "of an injury not later than the 30th day after the date on which: (1) the injury occurs; or (2) if the injury is an occupational disease, the employee knew or should have known that the injury may be related to the employment." TEX. LAB. CODE ANN. § 409.001(a). A "claim for compensation for an injury [must be filed] not later than one year after the date on which: (1) the injury occurred; or (2) if the injury is an occupational disease, the employee knew or should have known that the disease was related to the employee's employment." *Id.* § 409.003. Therefore, we conclude it is the date of the carrier's written *notice* of an injury, not the *date of injury*, that triggers the carrier's duty to react. *Id.* § 409.021(a), (c); *see also* Appeals Panel No. 023067, 2003 WL 24046488, at *2 (Tex. Workers' Comp. Comm'n Jan. 22, 2003); Appeals Panel No. 023106, 2003 WL 24046488, at *3 (Tex. Workers' Comp. Comm'n Jan. 22, 2003). Accordingly, in this case, we must look to the date on which Fire & Casualty was first notified of the type of injury for which Miranda claimed compensation.

Although the hearings officer determined June 25, 2001 as the date of the alleged injury, it is the date on which Fire & Casualty was first notified that Miranda claimed compensation for an

injury in the form of an occupational disease that triggered Fire & Casualty's obligation to contest compensability for that injury. There is no dispute that Fire & Casualty received its first notice of Miranda's claim for an injury in the form of Hepatitis C on March 4, 2002. It is uncontested that Fire & Casualty filed its dispute to the compensability of Miranda's alleged occupational disease (Hepatitis C) with the TWCC on March 11, 2002, seven days after receiving Bertling's March 4 letter and three days after receipt of Bertling's March 8 First Report of Injury. Therefore, Fire & Casualty did not waive its right to contest Miranda's claim for an occupational disease.

### DISMISSAL OF MIRANDA'S CLAIM

In a cross-issue on appeal, Miranda asserts the trial court erred in dismissing his request for judicial review of whether he acquired Hepatitis C in the course and scope of his employment.

"A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." TEX. LAB. CODE ANN. § 410.252(a). Here, Fire & Casualty sought judicial review of the adverse finding against it and Miranda filed an Original Answer, which contained a general denial, an "affirmative defense," and a counter-claim for attorney's fees. In his "affirmative defense," Miranda asserted he sustained his occupational disease in the course and scope of his employment. Miranda's Original Answer, containing his "affirmative defense," was filed outside the forty-day requirement set forth in Labor Code section 410.252.

On appeal, Miranda asserts he timely sought judicial review of the adverse appeals panel decision by filing the equivalent of a counter-claim. According to Miranda, Texas Civil Practice and Remedies Code section 16.069 allows a counter-claim or cross-claim to be filed within thirty days after the date on which the party's answer is due. TEX. CIV. PRAC. & REM. CODE ANN. § 16.069(b)

(Vernon 2008). Therefore, Miranda concludes that his request for judicial review was timely because it was filed with his answer. We disagree.

The forty-day filing deadline requirement of section 410.252(a) is mandatory and jurisdictional. *Johnson v. United Parcel Serv.,* 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); *Morales v. Employers Cas. Co.,* 897 S.W.2d 866, 868 (Tex. App.—San Antonio 1995, writ denied). Although we agree with Miranda that it was permissible for him to challenge the finding adverse to him in the same suit in which Fire & Casualty challenged the finding adverse to it, we conclude Miranda was required to raise his challenge within forty days "after the date on which the decision of the appeals panel was filed with the division." *See* TEX. LAB. CODE ANN. § 410.252(a). Because Miranda did not raise his challenge within the required forty days, the trial court did not err in dismissing his request for judicial review of whether he acquired Hepatitis C in the course and scope of his employment.

## CONCLUSION

We reverse the trial court's judgment and render judgment that Miranda take nothing on his claim for workers' compensation benefits or on his claim for attorney's fees.

Sandee Bryan Marion, Justice